1  Jeffrey M. Singletary (#233528)
   jsingletary@swlaw.com
2  Andrew S. Flior (#268367)
   aflior@swlaw.com
3  SNELL & WILMER L.L.P.
   600 Anton Blvd, Suite 1400
4  Costa Mesa, California 92626-7689
   Telephone:  714.427.7000
5  Facsimile:   714.427.7799

6  Sid Leach (*pro hac vice*)
   sleach@swlaw.com
7  SNELL & WILMER L.L.P.
   400 East Van Buren St., Suite 1900
8  Phoenix, Arizona 85004-2202
   Telephone:  602.382.6000
9  Facsimile:   602.382.6070

10 Attorneys for Superior Communications, Inc.
   and AT&T Mobility LLC
11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15 VOLTSTAR TECHNOLOGIES, INC.,        Case No. 2:19-cv-07355-MCS-(Ex)

16                  Plaintiff,          **DEFENDANTS' RESPONSE TO
                                         PLAINTIFF'S EVIDENTIARY
17 vs.                                   OBJECTION TO GEORGE
                                         CHEN'S TESTIMONY**
18 SUPERIOR COMMUNICATIONS,
   INC., and AT&T MOBILITY LLC,         Hon. Mark C. Scarsi
19
                    Defendants.
20

21

22         Plaintiff's Memorandum in Opposition to Defendants' Motion for Partial

23 Summary Judgment for Non-Infringement of U.S. Patent No. 7,690,648, filed at

24 Docket 110-1, includes a footnote in which "Voltstar objects to the use of George

25 Chen's testimony in this motion."  Dkt. #110-1, Memorandum, at 6 n.3.  According

26 to Voltstar, "Mr. Chen's testimony should be stricken and/or not considered by the

27 Court for the purposes of the motion."  *Id*.

28         Defendants respectfully submit that Plaintiff's objection should be overruled.

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

This Court's order requires that evidentiary objections to a declaration submitted in connection with a motion shall be made *separately* from the opposition papers. Dkt. #69, Order, at 13 (emphasis in the order).  Although Plaintiff did not do so, Defendants will comply with the Court's order and respond to Plaintiff's evidentiary objection separately.

Voltstar does not cite any rule or case law in support of Voltstar's request to strike Mr. Chen's testimony.

Rule 37(c)(1), Fed.R.Civ.P., does not provide any basis for Plaintiff's objection.  In Defendants' Initial Disclosures, George Chen was disclosed to Plaintiff as a witness on November 19, 2019.  That was 19 months ago.  On November 19, 2019, George Chen was disclosed to Plaintiff, and identified as a witness having "Knowledge regarding the structure, function, and operation of the accused products and of other types of charging devices."  Defendants' Exhibit 12.

On July 17, 2020, in response to Plaintiff Voltstar's first set of interrogatories, George Chen was again identified to Plaintiff as a witness having "knowledge regarding the structure, function, and operation of the products accused in this litigation and other types of charging devices."  Defendants' Exhibit 13.  That was a year ago.

The stated grounds for Plaintiff's objection, in footnote 3 on page 6 of Plaintiff's Memorandum, is: "Voltstar has yet to depose George Chen with respect to his knowledge (and testimony) regarding the accused products."  But Voltstar has never requested any deposition of George Chen during the entire 19 months that have elapsed since Mr. Chen was first disclosed as a witness, nor during the year that has elapsed since Mr. Chen was *again* disclosed as a witness in response interrogatory responses.  Defendants' Exhibit 15, Leach Decl. ¶ 6.

There is no legal basis for Plaintiff Voltstar's evidentiary objection, because Plaintiff Voltstar has had ample *opportunity* for discovery. Summary judgment should be granted after a party has had an opportunity for discovery. *Celotex Corp.*

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

*v. Catrett*, 477 U.S. 317, 326 (1986).  In the *Celotex* case, the case had been pending for a year. *Id.*, at 326 ("Respondent commenced this action in September 1980, and petitioner's motion was filed in September 1981."). In the *Celotex* case, the Supreme Court said, "[t]he parties had conducted discovery, and no serious claim can be made that respondent was in any sense 'railroaded' by a premature motion for summary judgment." *Id*. The present case has been pending for almost two years.  Voltstar took the deposition of Defendants' expert in December 2020. Dkt. #58-25, Defendants' Exhibit Y, at 1, SUP139798. Both Voltstar and Defendants have taken depositions, but Voltstar has never requested the deposition of George Chen.

The Federal Circuit follows the law of the applicable regional circuit on this issue, in this instance, the law of the Ninth Circuit. *Plastic Omnium Advanced Innovation & Research v. Donghee America, Inc*., 943 F.3d 929, 934 (Fed. Cir. 2019).  In order to preclude summary judgment, the non-moving party is required, under the case law interpreting Rule 56(d), Fed.R.Civ.P., to show that it diligently pursued discovery.  *Nidds v. Schindler Elevator Corp*., 113 F.3d 912, 920 (9th Cir. 1996) ("Moreover, the district court does not abuse its discretion by denying further discovery if the movant ***has failed diligently to pursue discovery*** in the past.") (emphasis added); *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) (same); *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (same), *cert. denied*, 498 U.S. 1088 (1991); *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998) ("[W]e will only find that the district court abused its discretion if the movant ***diligently pursued its previous discovery opportunities***, and if the movant can show how allowing additional discovery would have precluded summary judgment.") (emphasis added); *Pfingston v. Ronan Engr. Co*., 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion."); Wright & Miller, 10B *Fed. Prac. & Proc. Civ.* § 2741 (4th ed.) ("The courts will not delay a case to allow discovery when the discovery sought could have been instituted earlier, especially when there is no

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 3 -

1   reason to believe that it will lead to a denial of the motion."). Voltstar has not

2   diligently pursued discovery in this case. *Brae Transp., Inc. v. Coopers & Lybrand*,

3   790 F.2d 1439, 1443 (9th Cir. 1986) (on summary judgment, the non-moving party

4   "cannot complain if it fails to pursue discovery diligently before summary

5   judgment.").

6        Plaintiff Voltstar did not comply with the requirements of Rule 56(d) of the

7   Federal Rules of Civil Procedure, and failed to submit an affidavit or declaration to

8   establish (1) that evidence exists that would preclude summary judgment; and (2)

9   that Voltstar has diligently pursued discovery to obtain that evidence. *Beneficial*

10  *Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 277 (9th Cir. 1988) (opponent's

11  "informal, oral requests to the court for more time to conduct discovery fell short of

12  compliance with Rule 56"); *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439,

13  1443 (9th Cir. 1986) ("Failure to comply with the requirements of Rule 56(f) is a

14  proper ground for denying discovery and proceeding to summary judgment" and

15  "[r]eferences in memoranda and declarations to a need for discovery do not

16  qualify..."); *Foster v. Arcata Associates, Inc*., 772 F.2d 1453, 1467 (9th Cir. 1985)

17  ("We reject appellant's claim because she failed to follow the proper procedures

18  under the Federal Rules of Civil Procedure for obtaining a continuance or other

19  appropriate discovery order when opposing a motion for summary judgment."), *cert.*

20  *denied*, 475 U.S. 1048 (1986).

21       While Voltstar now says that sometime "[p]rior to the close of discovery"

22  Voltstar intends to take the deposition of George Chen,[1] Voltstar fails to make any

23  showing whatsoever concerning how such a deposition would produce evidence that

24  would have precluded summary judgment. *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th

25  Cir. 1998) ("[W]e will only find that the district court abused its discretion if the

26  movant diligently pursued its previous discovery opportunities, and ***if the movant***

[1] Dkt. #110-1, Memorandum, at 6.

DEFENDANTS' RESPONSE TO PLAINTIFF'S
EVIDENTIARY OBJECTION TO GEORGE CHEN TESTIMONY
2:19-cv-07355-MCS-(Ex)

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    ***can show how allowing additional discovery would have precluded summary***

2    ***judgment***.") (emphasis added). There is no reason to believe that George Chen will

3    testify contrary to the factual statements made in his declaration, dated May 27, 2021;

4    and no showing by Voltstar that a deposition of George Chen would result in

5    evidence that would preclude summary judgment. *Tatum v. City & County of San*

6    *Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (affirming summary judgment and

7    specifically approving district court's refusal to grant continuance because

8    nonmovant "did not identify the specific facts that further discovery would have

9    revealed or explain why those facts would have precluded summary judgment");

10   *Qualls v. Blue Cross of Cal., Inc*., 22 F.3d 839, 844 (9th Cir.1994) ("We will only

11   find that the district court abused its discretion if the movant diligently pursued its

12   previous discovery opportunities, and if the movant can show how allowing

13   additional discovery would have precluded summary judgment."); *Natural*

14   *Resources Defense Council v. Houston*, 146 F.3d 1118, 1133 (9th Cir. 1998) (same),

15   *cert. denied*, 526 U.S. 1111 (1999).

16          Plaintiff's Memorandum argues that "Superior's motion is premature, and

17   must be denied."  Dkt. #110-1, Memorandum, at 5. Plaintiff does not cite any

18   authority in support of this argument; and there is none.  This Court's Order, dated

19   February 18, 2021, provides that "Parties need not wait until the motion cut-off date

20   to bring a motion(s) for summary judgment or partial summary judgment." Dkt. #69,

21   at 10.  Rule 56 of the Federal Rules of Civil Procedure expressly provides that "a

22   party may file a motion for summary judgment ***at any time*** until 30 days after the

23   close of all discovery."  Rule 56(b), Fed.R.Civ.P. (emphasis added). This case has

24   been pending for almost two years. A summary judgment motion is not premature.

25   *Celotex Corp. v. Catrett*, 477 U.S. at 326 (case had been pending for one year); *Hall*

26   *v. Hawaii*, 791 F.2d 759, 760-61 (9th Cir. 1986) (affirming summary judgment

27   entered four months after suit filed); *Bryant v. Ford Motor Co*., 886 F.2d 1526, 1533

28   (9th Cir. 1989) (affirming summary judgment "about five months" after the case was

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

removed to federal court), *cert. denied*, 493 U.S. 1076 (1990); *Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 277 (9th Cir. 1988) ("The length of time between defendants' appearances and the grant of summary judgment - about a year for Madariaga and more than six months for Graham - was more than sufficient to provide them with reasonable opportunities for discovery.").

The rules of civil procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action ...".  Rule 1, Fed.R.Civ.P.  This case has been pending for almost two years. George Chen was disclosed as a witness 19 months ago. Plaintiff has had an opportunity for discovery. Plaintiff's patent infringement claims are factually unsupported. The purpose of the summary judgment procedure is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  The time has come to dispose of Plaintiff's factually unsupported claims, and any other course of action would appear to be contrary to Rule 1.

For the foregoing reasons, Defendants respectfully submit that Plaintiff's request that "Mr. Chen's testimony should be stricken and/or not considered" should be denied and/or overruled.

Dated: June 28, 2021                      SNELL & WILMER L.L.P.

By: */s/Sid Leach*
Sid Leach
Attorneys for Defendants

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DEFENDANTS' RESPONSE TO PLAINTIFF'S
EVIDENTIARY OBJECTION TO GEORGE CHEN TESTIMONY
2:19-cv-07355-MCS-(Ex)