# DEFENDANT'S EXHIBIT 12
for
  Summary Judgment Motions

DEFENDANTS' EXHIBIT
2:19-cv-07355-MCS-Ex

Jeffrey M. Singletary (#233528)
jsingletary@swlaw.com
Andrew S. Flior (#268367)
aflior@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Sid Leach (*pro hac vice*)
sleach@swlaw.com
SNELL & WILMER L.L.P.
400 East Van Buren St., Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070

Attorneys for Superior Communications, Inc. and AT&T Mobility LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTSTAR TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SUPERIOR COMMUNICATIONS, INC., and AT&T MOBILITY LLC, <br><br> Defendants. | Case No. 2:19-CV-07355-JAK-E <br><br> Hon. John A. Kronstadt, Ctrm. 10B <br><br> **Defendant Superior Communications, Inc.'s Initial Disclosures** <br><br> Complaint Served: August 27, 2019 |

1    Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendant Superior Communications, Inc. ("Superior") makes the following statement of initial disclosures. These disclosures are based on the information Superior currently possesses, and are made without prejudice to Superior's right to supplement these disclosures based on information learned through discovery, investigation, and legal research. These disclosures are made without prejudice to Superior's right to conduct discovery, or to rely on other evidence that is later discovered. Further, these disclosures are made without in any way waiving: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper ground to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this or in any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures. Furthermore, Superior reserves the right to amend or supplement these disclosures based upon (1) its continuing investigation and discovery; (2) any claim construction positions taken by Plaintiff; (3) any claim construction ruling(s) by the Court; or (4) any other relevant developments in this action.

(A)    Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Superior identifies the following individuals that it believes are likely to have discoverable information that Superior may use to support its claims and defenses, unless the use would be solely for impeachment:

///
///
///
///
///
///

| No. | Individual | Subject(s) |
|-----|------------|------------|
| 1. | George Chen; Vice President of Product Development at Superior; Contact only through outside counsel for Superior. | Knowledge regarding the structure, function, and operation of the accused products and of other types of charging devices. |
| 2. | Mark Roberts; Vice President of Sales at Superior; Contact only through outside counsel for Superior. | Knowledge regarding the sales of the accused products. |
| 3. | Nicole Spicer; Product Marketing Manager at Superior; Contact only through outside counsel for Superior. | Knowledge regarding the marketing of the accused products. |
| 4. | Trent Morris; Lead Product Marketing Manager at AT&T Mobility LLC; Contact only through outside counsel for AT&T Mobility LLC. | Knowledge regarding the sales and marketing of the accused products. |

Superior will disclose the identity of any testifying expert witnesses in accordance with the court's scheduling order.

Superior may use discoverable information from all individuals identified in Plaintiff's Initial Disclosures.

Superior reserves the right to call additional witnesses identified during investigation or discovery that have relevant information regarding this lawsuit. Superior incorporates by reference the names of any and all persons disclosed in this

///

4815-6679-1597

Superior reserves the right to seek recovery of its attorneys' fees and costs at the appropriate time in this action.

(D) Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, Superior states that there are no insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: November 19, 2019

SNELL & WILMER L.L.P.

By: */s/ Jeffrey M. Singletary*
Jeffrey M. Singletary
Andrew S. Flior
Sid Leach
Attorneys for Superior
Communications, Inc. and AT&T Mobility LLC

4815-6679-1597


*Voltstar Technologies, Inc. vs. Superior Communications, Inc., et al.*
**USDC, Central District of California, Case No. 2:19-CV-07355-JAK-E**

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On November 19, 2019, I served, in the manner indicated below, a true and correct copy of the foregoing document(s) described as **Defendant Superior Communications, Inc.'s Initial Disclosures** on the interested parties in this action:

*See the attached Service List*

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☒ BY ELECTRONIC MAIL: I caused such document(s) to be delivered electronically to the email address(es) set forth on the attached Service List.

☐ BY OVERNIGHT DELIVERY: I caused such envelope to be delivered by air courier, with next day service, to the offices of the addressee(s). (C.C.P. § 1013(c)(d)). [As indicated on the attached Service List]

☐ BY PERSONAL SERVICE: I caused such document to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 19, 2019, at Costa Mesa, California.

*Rosemary McKay* (signature)
Rosemary McKay

*Voltstar Technologies, Inc. vs. Superior Communications, Inc., et al.*
**USDC, Central District of California, Case No. 2:19-CV-07355-JAK-E**

## Service List

| | |
|---|---|
| Jonah A. Grossbardt<br>SRIPLAW<br>1801 Century Park East, Suite 1100<br>Los Angeles, CA 90067<br><br>Phone:         (323) 364-6565<br>Facsimile:   (561) 404-4353<br>Email:<br>Jonah.grossbardt@sriplaw.com | Attorneys for Plaintiff<br>Voltstar Technologies, Inc. |
| Joseph A. Dunne (*pro hac vice*)<br>SRIPLAW<br>25 Maiden Lane, Suite 5C<br>New York, NY 10038<br><br>Phone:         (929) 200-8446<br>Facsimile:   (561) 404-4353<br>Email:<br>Joseph.dunne@sriplaw.com | Attorneys for Plaintiff<br>Voltstar Technologies, Inc. |