# DEFENDANT'S EXHIBIT 13
### for
### Summary Judgment Motions

DEFENDANTS' EXHIBIT
2:19-cv-07355-MCS-Ex

1  Jeffrey M. Singletary (#233528)
   jsingletary@swlaw.com
2  Andrew S. Flior (#268367)
   aflior@swlaw.com
3  SNELL & WILMER L.L.P.
   600 Anton Blvd, Suite 1400
4  Costa Mesa, California 92626-7689
   Telephone:  714.427.7000
5  Facsimile:   714.427.7799

6  Sid Leach (*pro hac vice*)
   sleach@swlaw.com
7  SNELL & WILMER L.L.P.
   400 East Van Buren St., Suite 1900
8  Phoenix, Arizona 85004-2202
   Telephone:  602.382.6000
9  Facsimile:   602.382.6070

10 Attorneys for Superior Communications, Inc.
   and AT&T Mobility LLC

11

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14

15 VOLTSTAR TECHNOLOGIES, INC.,        Case No. 2:19-CV-07355-JAK-E

16                Plaintiff,            Hon. John A. Kronstadt, Ctrm. 10B

17 vs.

18 SUPERIOR COMMUNICATIONS,            **DEFENDANT SUPERIOR**
   INC., and AT&T MOBILITY LLC,        **COMMUNICATIONS, INC.'S**
19                                      **RESPONSE TO PLAINTIFF**
                                        **VOLTSTAR TECHNOLOGIES,**
                  Defendants.          **INC.'S FIRST SET OF**
20                                      **INTERROGATORIES**

21

22        Defendant Superior Communications, Inc. ("Superior") hereby provides

23 responses to Plaintiff Voltstar Technologies, Inc.'s ("Plaintiff") First Set of

24 Interrogatories, as follows:

25                        **PRELIMINARY STATEMENT**

26        Superior has not yet completed its investigation of the facts relating to this

27 case, has not completed discovery, and has not completed preparation for trial in this

28

DEFENDANT SUPERIOR COMMUNICATIONS, INC.'S RESPONSE TO PLAINTIFF VOLTSTAR
TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES
2:19-CV-07355-JAK-E

4848-8329-2865

Local Civil Rule 26.1 of the United States District Court for the Southern District of Florida is inapplicable in this case and on this ground disregards this definition.

Plaintiff states that the terms "Defendant" and "you" and "your" shall mean defendant Superior Communications, Inc. and all of its predecessors, successors, subsidiaries, affiliates, directors, employees, representatives, and agents.  Superior objects to this definition as being overbroad and overinclusive.

Plaintiff states that the term "invention" shall mean the method and system for playing an interactive lottery type game described in the Patents. Superior objects to this definition as lacking clarity in light of the Patents.

Superior responds as follows, incorporating and without waiving the foregoing objections:

## INTERROGATORIES

1.  Please provide the name(s), residence and business address and occupation of the person(s) answering these Interrogatories.

**<u>Response:</u>**

Superior objects to this interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Superior objects to this interrogatory on the ground that it seeks information that is protected by the attorney-client privilege and work-product doctrine.  Notwithstanding the objections and without waiving such objections, Superior responds with the following: Jeffrey M. Singletary and Andrew S. Flior, Snell & Wilmer L.L.P., 600 Anton Blvd., Suite 1400, Costa Mesa, California 92626.

2.  Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying

SNELL & WILMER
L.L.P.
600 ANTON BLVD. SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1    the subject matter of this action.

2         **Response:**

3         Superior objects to this interrogatory as being overbroad and vague and unduly

4    burdensome on Superior.  Superior objects to this interrogatory on the ground that it

5    seeks information that is protected by the attorney-client privilege and work-product

6    doctrine.   Superior objects to this interrogatory on the ground that it seeks

7    confidential, personal, proprietary, financial or trade secret information, and

8    information subject to a right of privacy.  Notwithstanding the objections and without

9    waiving such objections, Superior responds with the following:

10        -   George Chen; Vice President of Product Development at Superior;

11              o   5027 Irwindale Ave., Ste. 900, Irwindale, CA 91706

12        -   Keith Kam; Chief Financial Officer at Superior;

13              o   5027 Irwindale Ave., Ste. 900, Irwindale, CA 91706

14

15        3.   To the extent not listed in your response to Interrogatory No. 2, please

16   provide the name, address, telephone number, place of employment and job title of

17   any person who has, claims to have or whom you believe may have knowledge or

18   information pertaining to any defense, affirmative defense, and/or counterclaim now

19   or hereafter asserted in this Action.

20        **Response:**

21        Superior objects to this interrogatory as being overbroad and vague and unduly

22   burdensome on Superior.  Superior objects to this interrogatory on the ground that it

23   seeks information that is protected by the attorney-client privilege and work-product

24   doctrine.   Superior objects to this interrogatory on the ground that it seeks

25   confidential, personal, proprietary, financial or trade secret information, and

26   information subject to a right of privacy.  Notwithstanding the objections and without

27   waiving such objections, Superior responds with the following: such persons have

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1   been identified in response to Interrogatory No. 2.

2

3      4.   Please state the specific nature and substance of the knowledge that you

4   believe the person(s) identified in your response to Interrogatory No. 2 may have.

5      **Response:**

6      Superior objects to this interrogatory as being overbroad and vague and unduly

7   burdensome on Superior.  Superior objects to this interrogatory on the ground that it

8   seeks information that is protected by the attorney-client privilege and work-product

9   doctrine.   Superior objects to this interrogatory on the ground that it seeks

10  confidential, personal, proprietary, financial or trade secret information, and

11  information subject to a right of privacy.  Notwithstanding the objections and without

12  waiving such objections, Superior responds with the following:

13     - George Chen has knowledge regarding the structure, function, and operation

14  of the products accused in this litigation and of other types of charging devices.

15     - Keith Kam has knowledge regarding the sales of the products accused in this

16  litigation.

17

18     5.   Please state the specific nature and substance of the knowledge that you

19  believe the person(s) identified in your response to Interrogatory No. 3 may have.

20     **Response:**

21     Superior objects to this interrogatory as being overbroad and vague and unduly

22  burdensome on Superior.  Superior objects to this interrogatory on the ground that it

23  seeks information that is protected by the attorney-client privilege and work-product

24  doctrine.   Superior objects to this interrogatory on the ground that it seeks

25  confidential, personal, proprietary, financial or trade secret information, and

26  information subject to a right of privacy.  Notwithstanding the objections and without

27  waiving such objections, Superior responds with the following:

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

- 6 -
DEFENDANT SUPERIOR COMMUNICATIONS, INC.'S RESPONSE TO PLAINTIFF VOLTSTAR
TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES
2:19-CV-07355-JAK-E

1    - George Chen has knowledge regarding the structure, function, and operation
2    of the products accused in this litigation and of other types of charging devices.

3    - Keith Kam has knowledge regarding the sales of the products accused in this
4    litigation.

5

6    6.  Please identify all retailers, distributors, or licensees that offered for sale or
7    otherwise distributed your wireless chargers.

8    **Response:**

9    Superior objects to this interrogatory as being overbroad and vague and unduly
10   burdensome on Superior.  Superior objects to this interrogatory on the ground that it
11   seeks information that is protected by the attorney-client privilege and work-product
12   doctrine.   Superior objects to this interrogatory on the ground that it seeks
13   confidential, personal, proprietary, financial or trade secret information, and
14   information subject to a right of privacy.  Superior objects to this interrogatory on the
15   ground that it seeks information pertaining to wireless chargers not at issue in this
16   litigation.   Notwithstanding the objections and without waiving such objections,
17   Superior responds with the following:   Superior sells products accused in this
18   litigation and provided by Superior Communications, Inc. to AT&T Mobility LLC
19   ("AT&T"), which are in turn sold by AT&T in AT&T branded stores, online stores,
20   and authorized retail channels.

21

22   7.  Please identify each and every different design, model, sku, and/or item
23   number of any wireless chargers developed, marketed, sold, distributed, or licensed
24   by you, alone or in conjunction with an electronic device.

25   **Response:**

26   Superior objects to this interrogatory as being overbroad and vague and unduly
27   burdensome on Superior.  Superior objects to this interrogatory on the ground that it

28

4848-8329-2865

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

seeks information that is protected by the attorney-client privilege and work-product doctrine.   Superior objects to this interrogatory on the ground that it seeks confidential, personal, proprietary, financial or trade secret information, and information subject to a right of privacy.  Superior objects to this interrogatory on the ground that it seeks information pertaining to wireless chargers not at issue in this litigation.   Notwithstanding the objections and without waiving such objections, Superior responds with the following:   Superior sells products accused in this litigation and provided to AT&T Mobility LLC having the following item numbers: 50546ATT;   50547ATT;   51609ATT;   51804ATT;   52040ATT;   52041ATT; 52042ATT;   52043ATT;   52112ATT;   52363ATT;   53575ATT;   53599ATT; 53600ATT.

8.  Please provide the name of each person whom you may use as a fact witness at trial.

**Response:**

Superior objects to this interrogatory as being overbroad and vague and unduly burdensome on Superior.  Superior objects to this interrogatory on the ground that it seeks information that is protected by the attorney-client privilege and work-product doctrine.   Superior objects to this interrogatory on the ground that it seeks confidential, personal, proprietary, financial or trade secret information, and information subject to a right of privacy.  Superior objects to this interrogatory as being premature and reserves the right to supplement this interrogatory at the time of disclosures of fact witnesses for trial.

9.  Please state in detail the substance of the facts to be provided by each person whom you may use as a fact witness at trial.

DEFENDANT SUPERIOR COMMUNICATIONS, INC.'S RESPONSE TO PLAINTIFF VOLTSTAR TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES
2:19-CV-07355-JAK-E

4848-8329-2865

**Response:**

Superior objects to this interrogatory as being overbroad and vague and unduly burdensome on Superior.  Superior objects to this interrogatory on the ground that it seeks information that is protected by the attorney-client privilege and work-product doctrine.  Superior objects to this interrogatory on the ground that it seeks confidential, personal, proprietary, financial or trade secret information, and information subject to a right of privacy.  Superior objects to this interrogatory as being premature and reserves the right to supplement this interrogatory at the time of disclosures of fact witnesses for trial.

10.  Please identify each document that you may use as an exhibit at trial.

**Response:**

Superior objects to this interrogatory as being overbroad and vague and unduly burdensome on Superior.  Superior objects to this interrogatory on the ground that it seeks information that is protected by the attorney-client privilege and work-product doctrine.  Superior objects to this interrogatory on the ground that it seeks confidential, personal, proprietary, financial or trade secret information, and information subject to a right of privacy.  Superior objects to this interrogatory as being premature and reserves the right to supplement this interrogatory at the time of disclosures of exhibits for trial.

Dated: July 17, 2020                              SNELL & WILMER L.L.P.


By: */s/ Jeffrey M. Singletary*
    Jeffrey M. Singletary
    Andrew S. Flior
    Sid Leach
    Attorneys for Superior
    Communications, Inc. and AT&T
    Mobility LLC

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

DEFENDANT SUPERIOR COMMUNICATIONS, INC.'S RESPONSE TO PLAINTIFF VOLTSTAR TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES
2:19-CV-07355-JAK-E

4848-8329-2865

*Voltstar Technologies, Inc. vs. Superior Communications, Inc., et al.*
**USDC, Central District of California, Case No. 2:19-CV-07355-JAK-E**

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On July 17, 2020, I served, in the manner indicated below, a true and correct copy of the foregoing document(s) described as **DEFENDANT SUPERIOR COMMUNICATIONS, INC.'S RESPONSE TO PLAINTIFF VOLTSTAR TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES** on the interested parties in this action:

### *See the attached Service List*

☐  BY REGULAR MAIL:  I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to  (C.C.P. § 1013(a)).

☒  BY ELECTRONIC MAIL:  I caused such document(s) to be delivered electronically to the email address(es) set forth on the attached Service List.

☐  BY OVERNIGHT DELIVERY:  I caused such envelope to be delivered by air courier, with next day service, to the offices of the addressee(s). (C.C.P. § 1013(c)(d)).  [As indicated on the attached Service List]

☐  BY PERSONAL SERVICE:  I caused such document to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 17, 2020, at Costa Mesa, California.

_Rosemary McKay_

_____
Rosemary McKay

4846-2342-2637.1

PROOF OF SERVICE
CASE NO. 2:19-CV-07355-JAK-E

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

1

2

*Voltstar Technologies, Inc. vs. Superior Communications, Inc., et al.*
**USDC, Central District of California, Case No. 2:19-CV-07355-JAK-E**

3

### *Service List*

4

5

6

7

8

Jonah A. Grossbardt
SRIPLAW
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

Attorneys for Plaintiff
Voltstar Technologies, Inc.

Phone:       (323) 364-6565
Facsimile:   (561) 404-4353
Email:
Jonah.grossbardt@sriplaw.com

9

10

11

12

13

Joseph A. Dunne (*pro hac vice)*
SRIPLAW
25 Maiden Lane, Suite 5C
New York, NY 10038

Attorneys for Plaintiff
Voltstar Technologies, Inc.

Phone:       (929) 200-8446
Facsimile:   (561) 404-4353
Email:
Joseph.dunne@sriplaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SNELL & WILMER
L.L.P.
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

4846-2342-2637.1

- 12 -

PROOF OF SERVICE
CASE NO. 2:19-CV-07355-JAK-E